UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPUTY KERKFOOT, *et al.*,<br><br>   Defendants. | Case No. CV 14-7583-GW (KK)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.[1]

## I.
## SUMMARY OF RECOMMENDATION

On September 23, 2014, Plaintiff Lance Williams, proceeding *pro se* and *in forma pauperis*, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983

---

[1] This Final Report and Recommendation addresses an issue raised by Plaintiff after the issuance of the original Report and Recommendation.  See infra n.3.

1

("Complaint").² Plaintiff sues various defendants for an assault by correctional officers that allegedly occurred on July 28, 2010, when Plaintiff was an inmate at Men's Central County Jail in Los Angeles. See ECF No. 1-1 at 3. The Court recommends dismissing the Complaint as untimely.

## II.
## BACKGROUND

The Complaint is one of four civil rights complaints Plaintiff has filed since September 23, 2014. See Case Nos. 2:14-cv-8037-PA-KK; 2:14-cv-8039-PA-KK; 2:14-8640-PA-KK. The Complaint was received by the Court on September 29, 2014; lodged on September 30, 2014; and filed on November 12, 2014.

On November 20, 2014, the Court issued an Order to Show Cause why the Complaint should not be dismissed as time-barred. ECF No. 9. On December 3, 2014, in response to the Order, Plaintiff submitted a declaration arguing he is entitled to equitable tolling. See ECF No. 12. The declaration and its accompanying exhibits comprise 38 pages. See id. Plaintiff argues extraordinary circumstances prevented him from filing a timely complaint, including the destruction of his paperwork "multiple times"; his lack of "access to legal materials"; his intermittent homelessness; and his various allegedly wrongful arrests. Id. at 3-4. Plaintiff admits he was not incarcerated for approximately 16 months during the relevant time frame – specifically, from February 28, 2011, until August 4, 2011, and from "mid October 2012" until September 18, 2013. Id.

---

² Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered the pleading to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, Plaintiff states he mailed the Complaint on September 23, 2014. ECF No. 1-1 at 9. Thus, the Court considers that date to be the date of filing.

2

# III.
# **LEGAL STANDARD**

A court may dismiss a complaint *sua sponte* "on the ground that it is barred by the applicable statute of limitations" if "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted). California's statute of limitations for personal injury claims is two years. Id. (citing Cal. Civ. Proc. Code § 335.1). California law "provides for the tolling of a statute of limitations for a period of two years based on the disability of imprisonment," if the plaintiff is "'imprisoned on a criminal charge . . . for a term less than for life.'" Id. (quoting Cal. Civ. Proc. Code § 352.1) (footnote omitted). "[A]ctual, uninterrupted incarceration is the touchstone for applying California's tolling provision for the disability of imprisonment." Id. at 928 (citations and internal quotation marks omitted).

In addition, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. at 928 (citation and internal quotation marks omitted). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." Id. (citations, internal quotation marks, and alterations omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."

3

Fink v. Shelder, 192 F.3d 911, 916 (9th Cir. 1999) (citation and internal quotation marks omitted).  "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded."  Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003).

While "state law determines the length of the limitations period, federal law determines when a civil rights claim accrues."  Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000).  Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999) (citation omitted).

# IV.
# DISCUSSION

**A.   Even Assuming Plaintiff is Entitled to Full Statutory Tolling, the Complaint Is Time-Barred.**

Plaintiff's claims accrued on July 28, 2010, the date of the alleged assault.  Starting from that date, if Plaintiff had remained continuously incarcerated, he would have had *at most* four years – that is, until July 28, 2014 – to file his claims:  two years under section 1983's statute of limitations, and two years of tolling for the "disability of imprisonment."  Jones, 393 F.3d at 927.  However, Plaintiff admits he was not incarcerated from February 28, 2011, until August 4, 2011, or from "mid October 2012" until September 18, 2013.  ECF No. 12 at 3-4.  Thus, Plaintiff was not continuously incarcerated and is not entitled to the full two years of tolling for the disability of imprisonment.  See Jones, 393 F.3d at 928 ("[A]ctual, *uninterrupted* incarceration is the touchstone for applying California's tolling provision for the disability of imprisonment.") (emphasis added).  As a result, Plaintiff was required to file his claims at least 16 months before July 28, 2014.  Because Plaintiff did not file the Complaint until

September 23, 2014, it is obviously untimely, absent equitable tolling.[3]

**B.  Plaintiff Is Not Entitled to Equitable Tolling.**

The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff.  Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso Robles, 385 Fed. App'x 642, 643 (9th Cir. 2010).  Plaintiff has not met this burden.  Plaintiff claims that, in the years following the alleged assault, his paperwork was destroyed; he had poor access to legal materials; he was intermittently homeless; and he was wrongfully arrested multiple times.  ECF No. 12 at 3-4.  These claims are vague and unsubstantiated.  Moreover, they do not demonstrate Plaintiff acted "reasonabl[y] and in good faith" to bring his claims in a timely manner.  Fink, 192 F.3d at 916.  Plaintiff has not shown how the alleged intervening events prevented him from filing a federal complaint for over four years.

In addition to the lack of evidence that Plaintiff acted reasonably, there is ample reason to conclude the defendants would "be prejudiced by being required to defend the otherwise barred claim" more than four years after the alleged incident.  Id.  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (citation omitted).  Thus, Plaintiff has failed to demonstrate entitlement to equitable tolling.

Based upon the foregoing reasons, the Complaint is time-barred and should be dismissed.  Moreover, dismissal should be without leave to amend, as no amendment

---

[3] On December 22, 2014, after the Court issued its original Report and Recommendation, Plaintiff filed an Amended Response to the Court's Order to Show Cause, arguing he is entitled to 75 days of additional tolling for time during which he pursued an administrative grievance.  See ECF No. 16 at 1.  Assuming *arguendo* Plaintiff is entitled to that amount of additional tolling, he was required to file his claims at least 13 months before July 28, 2014, so the Complaint remains untimely.

could cure the Complaint's untimeliness. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

## V.
## **CONCLUSION**

IT IS THEREFORE RECOMMENDED the Court issue an Order (1) accepting this Final Report and Recommendation; (2) dismissing the Complaint without leave to amend; and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED: January 22, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge